IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Duval Melvin Cooper, | ) | C/A No. 0:15-554-PMD-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Robert M. Stevenson, III, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Duval Melvin Cooper, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 24.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Cooper was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 26.) Cooper filed a response in opposition to the respondent's motion. (ECF No. 29.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Cooper's Petition denied.

## BACKGROUND

Cooper was indicted in September 2005 in York County for trafficking in heroin and trafficking in methamphetamine (05-GS-46-3486, -3487). (App. at 165-68, ECF No. 25-1 at 167-70.) Cooper was represented by Vick Meetze, Esquire, and Gary Lemel, Esquire, and on February 15-16, 2006 was tried *in absentia* by a jury and found guilty as charged. (App. at 153, ECF No. 25-1

at 155.) The circuit court sealed Cooper's sentence. On May 20, 2010, Cooper appeared in the circuit court, at which time his sentence was unsealed. The circuit court sentenced Cooper to twenty-five years' imprisonment for trafficking in heroin, and twenty-five years' imprisonment for trafficking in methamphetamine, both sentences to be served concurrently. (App. at 160-61, ECF No. 25-1 at 162-63.)

Cooper timely appealed and was represented by Kathrine H. Hudgins, Esquire, of the South Carolina Commission on Indigent Defense, who filed a brief on Cooper's behalf that raised the following issue:

> Did the judge err in refusing to direct a verdict of acquittal when the State failed to prove the knowledge element required to show constructive possession of controlled substances found in a duffle bag in the back of a van appellant was driving?

(ECF No. 25-3.) On August 1, 2012, the South Carolina Court of Appeals affirmed Cooper's conviction. (State v. Cooper, Op. No. 2012-UP-465 (S.C. Ct. App. Aug. 1, 2012), ECF No. 25-5.) The remittitur was issued on August 21, 2012. (ECF No. 25-6.)

Cooper filed a *pro se* application for post-conviction relief ("PCR") on September 7, 2012 in which he raised claims of ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and that the trial court committed an error of law. (See Cooper v. State of South Carolina, 12-CP-46-3203; App. at 171-78, ECF No. 5-1 at 173-80.) Cooper included an attachment page that specified his claims as follows:

1.   Ineffective Assistance of trial counsel for failing to object to trial in Absentee.

2.   Ineffective Assistance of trial counsel for failing to move for a continuance to prevent a trial in Absentee.

3.    Ineffective Assistance of trial counsel for failing to move for direct verdict concerning duffle bag containing drugs due to the fact that the vehicle was owned by another.

4.    Ineffective Assistance of trial counsel for failing to conduct any pre-trial investigation and for failing to investigate third party guilt.

5.    Ineffective Assistance of trial counsel for failing to move to quash the trafficking indictment based on the fact that joint occupancy alone cannot sustain the inference of dominion, control and knowledge.

6.    Ineffective Assistance of trial counsel for failing to move for dismissal of charges due to the fact that the State could not establish a nexus between the defendant and the contraband based solely of defendant's mere presence.

7.    Ineffective Assistance of Appellate counsel for failing to argue on appeal the issue of the trial proceeding in Applicant's absence.  The record clearly demonstrates that the trial court failed to make a finding concerning whether or not Applicant was properly notified of the trial date, or that the Applicant received warning that the trial would proceed in his absence.

8.    Ineffective Assistance of Appellate counsel for failing to file petition for rehearing before Court of Appeals.  This denied Applicant a full "bite of the apple" thereby denying him due process.

9.    Ineffective Assistance of Appellate counsel for failing to file a writ of certiorari to State Supreme Court.  This denied Applicant a full "bite of the Apple" thereby denying him due process.

10.    Trial court committed error of law by failing to make a finding on record that the Applicant had received notice of right to be present at trial and for failing to make a finding on record that the Applicant received warning that trial would proceed in his absence.

11.    Applicant was denied his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and denied due process under the South Carolina Constitution by being denied the right to be present during the trial of his case.

12.    Applicant was denied his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and denied his right to due process under the South Carolina Constitution by being denied the opportunity to exhaust every stage of the appellate process.



(Id., App. at 178, ECF No. 25-1 at 180.)  The State filed a return.  (App. at 179-83, ECF No. 181-85.)

On May 16, 2013, the PCR court held an evidentiary hearing at which Cooper appeared and testified

and was represented by Charles Brooks, Esquire.  By order filed June 24, 2013 the PCR court denied

and dismissed with prejudice Cooper's PCR application.  (App. at 218-27, Supp. App. at 1, ECF No.

25-1 at 220-29, ECF No. 25-2 at 3.)

On appeal, Cooper was represented by Kathrine Hudgins, Esquire, of the South Carolina

Commission on Indigent Defense, who filed a petition for a writ of certiorari that presented the

following issue:

> Did the PCR Court err in refusing to find counsel ineffective in failing to object to
> the *trial in absentia* and failing to move for a continuance when petitioner was not
> present for trial and the record does not support that petitioner had notice of his trial
> date?

(ECF No. 25-7.)  The State filed a return.  (ECF No. 25-8.)  On September 24, 2014 the South

Carolina Supreme Court issued an order denying Cooper's petition for a writ of certiorari.  (ECF No.

25-9.)  The remittitur was issued on October 10, 2014.  (ECF No. 25-10.)  This action followed.

## FEDERAL HABEAS ISSUES

Cooper's federal Petition for a writ of habeas corpus raises the following issues:

**Ground One:**  Trial Court (Error) of Denying Petitioner's Motion for Direct Verdict
where State failed to prove (required) elements of charged offenses.
**Supporting Facts:**  State (failed) to prove knowledge element required to show
constructive possession of controlled substances found in duffle bag., The van was
not Cooper's; The Duffle bag nor clothes were produced or taken into evidence to
determine if clothing in, on, or around duffle bag were or could fit Cooper,
establishing possible ownership, or offered possible DNA testing to either prove or
eliminate Cooper as owner, since the van belonged to third party., The State's (sole)
bases of connecting Cooper to the drugs in duffle bag, is the State's overly
misrepresentation of Cooper's statement saying the girl definitely don't know
anything about Drugs, but the State leaves out, is that Cooper also said, 'he did not
know anything about the drugs either'.



**Ground Two:**  Ineffective Assistance of Trial Counsel

**Supporting Facts:**  Trial counsel failed to object to trial in absentee or ask for a continuance was ineffective under the circumstances, where counsel made (NO) attempts the week before and week of trial to see, if he could contact, locate, and notify Cooper of his trial and there was other possible means, such as speaking with bondsman, which lawyer, never attempted to do., as the trial record shows . . ., was ineffective and the state court findings on the issue were, clearly, in conflict with U.S. Supreme Court precedent when it based it's decision on when Cooper was located after trial, requiring Cooper to prove prejudice, instead of the violation of Cooper's constitutional rights to effective assistance of counsel and rights to be present.

**Ground Three:**  Denied Effective Assistance of Counsel during Jackson v. Denno suppression hearing, which is a critical stage.

**Supporting Facts:**  Trial counsel was ineffective for failing to move for dismissal of all charges and suppression of all drugs, including marijuana, because officer conducting traffic stop, after receiving liscense and registration, saw a 'High Times Magazine', which is legal and sold in millions of stores, However, the officer used the magazine as probable cause to 'BEGIN' a search, officer then leaned in car, which constituted an INTRUSION because, the ashtray and alleged marijuana blunt was not visible to the officer from the outside of car, The officer's leaning into car conducting a search for ashtray, clearly exceeded scope of traffic stop and constituted an intrusion, violating Coopers rights.  Magazine could not give officer-probable cause, search was unreasonable.

**Ground Four:**  My constitutional right to be present at a crtical stage (The impannelling of jury) was violated and right to effective assistance of counsel at the critical stage of impannelling proceedings.

**Supporting Facts:**  The Trial Judge violated Petitioner's rights to be present, when he 'BEGAN' the impannelling of the jury before completing the findings of fact to determine if Defendant could be located through bondsman and brought into court via bondsman.,  The judges reason for beginning the impannelling was, "free the jurors up some," thereby putting the jurors relaxation before petitioner's constitutional rights to be present.,  And Trial counsel was ineffective for failing to object to beginning the impannelling of jury proceeding without first determining whether client could be located by bondsman and brought into court the next day or in near future.

(Pet., ECF No. 1) (errors and omissions in original, internal citations omitted).

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g.,



Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).



"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103).  Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review.  Harrington, 562 U.S. at 101.  Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning.  See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court).  If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief.  Id.  Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court.  Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id.  Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

C.    **Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.



**D.    Summary Judgment Motion**

**1.    Procedural Default**

As an initial matter, the respondent argues that Grounds Three and Four are procedurally barred from federal habeas review.  In Ground Three, Cooper argues that counsel was ineffective during the Jackson v. Denno hearing, and in Ground Four, Cooper asserts that his "constitutional right to be present at a critical state (The impanelling of jury) was violated and right to effective assistance of counsel at critical stage of impanelling proceedings."  (Pet., ECF No. 1 at 8-10, errors in original.)  Cooper does not appear to disagree that these claims are procedurally defaulted.  However, Cooper argues that his procedural default should be excused pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012).  Specifically, in reference to Ground Three, Cooper argues that PCR counsel was ineffective for failing to argue certain facts on PCR.  (Petr.'s Resp. Opp'n Summ. J., ECF No. 29 at 10-11.)  Further, he argues that PCR counsel was ineffective in failing to raise Ground Four. (Id. at 12.)

Generally, any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of his claims.  See Coleman, 501 U.S. at 752.  However, in Martinez, the United States Supreme Court established a "limited qualification" to the rule in Coleman. Martinez, 132 S. Ct. at 1319.  The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  Id. at 1315.

Neither of Cooper's arguments satisfy the limited qualification established by Martinez. With regard to Ground Three, PCR counsel argued at the PCR hearing that trial counsel was ineffective at the pretrial suppression motion.  (ECF No. 25-1 at 198, 202, 206.)  The PCR court



denied the claim. (ECF No. 25-1 at 227.) The issue was not raised in Cooper's PCR appeal. (ECF No. 25-7 at 1-9.) PCR appellate counsel's failure to raise the claim cannot constitute cause for the default because the <u>Martinez</u> exception does not extend to PCR appellate counsel. <u>See</u> <u>e.g.</u>, <u>Crowe v. Cartledge</u>, C/A No. 9:13-cv-2391-DCN, 2014 WL 29904903, at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); <u>Cross v. Stevenson</u>, Civil Action No. 1:11-cv-02874-RBH, 2013 WL 1207067, at *3 (D.S.C. Mar. 25, 2013) ("<u>Martinez</u>, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default."). The Supreme Court expressly noted that its holding in <u>Martinez</u> "does not concern attorney errors in other kinds of proceedings, *including appeals from initial-review collateral proceedings*, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." <u>Martinez</u>, 132 S. Ct. at 1320 (emphasis added). Accordingly, <u>Martinez</u> does not aid Cooper in excusing his procedural default of Ground Three.

Further, <u>Martinez</u> does not excuse the procedural default of Ground Four, that trial counsel was ineffective for failing to object to the empaneling of the jury without first determining whether Cooper could be located. (Pet., ECF No. 1 at 10.) As the respondent points out, Cooper did not raise this issue on direct appeal, at PCR, or on appeal from the denial of PCR; hence, the claim is procedurally defaulted. <u>See Coleman</u>, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). To show cause under <u>Martinez</u>, a prisoner must demonstrate (1) that his PCR

counsel was ineffective under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984),[1] and (2) that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." <u>Martinez</u>, 132 S. Ct. at 1318. Cooper cannot meet this showing.

Cooper was tried *in absentia*. Cooper argues that his rights were violated when the court began empaneling the jury before completing the finding of facts to determine if defendant could be located through a bondsman and brought into court. (Pet., ECF No. 29 at 28.) Although the PCR court did not directly address the instant Ground Four, the PCR court did address whether trial counsel was ineffective for failing to object to the trial moving forward without the presence of the defendant. (ECF No. 25-1 at 228.) Related to this Ground, the PCR court found:

> Trial court further presented and reiterated to the court, as reflected in the record, that the telephone numbers left with court officials and investigators at check-in were out-of-service or disconnected numbers, Applicant failed to provide alternative contact information when requested with trial counsel's receptionist, and letters sent to Applicant's address that he provided were being returned as undeliverable.
>
> The record reflects that the Solicitor pointed out to the Court that, "Mr. Cooper did sign the bond paperwork which has the language after September 6, 2005, which was his bond returnable date, he shall appear or could be tried in his absence if he failed to appear before." Trial counsel told the Court that he had not contacted Applicant's bondsman to see if he had located Applicant. The Court suggested proceeding with voir dire and contacting the Applicant's bondsman to see if Applicant could be located overnight. The Court then instructed bailiff, Howard Long, to announce Applicant's name three (3) times outside of the courtroom. Mr. Long did as instructed, as well as going outside of Moss Justice Center to announce Applicant's name, and there was no response. The record reflects that the following day, trial counsel let the Court know that he had spoken to the bondsman and that they were searching for Applicant. Being unable to locate Applicant, the case commenced . . . .

---

[1] <u>See</u> *infra* Section D.3.



(ECF No. 25-1 at 226-27) (internal citations omitted). The record clearly indicates that even if counsel had requested a continuance for the bondsman to locate Cooper, he would not have been successful. Even assuming, *arguendo*, that counsel was deficient here, Cooper cannot meet the prejudice prong under Strickland. Under Strickland, a petitioner can prove prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Cooper cannot show that but for counsel's request that the bondsman locate Cooper that Cooper would have been found, nor can he show that the court would have granted a continuance if trial counsel had moved for one. Because Cooper cannot satisfy the Martinez exception, Ground Four is procedurally defaulted.

The court finds that Cooper's Ground Three and Ground Four are procedurally barred from federal habeas review.[2]

## 2.    Ground One

In Ground One, Cooper argues that the trial court erred in denying his motion for a directed verdict because there was insufficient evidence to support his conviction at his trial. (Pet., ECF No. 1 at 5.) Cooper asserts, as he did on direct appeal, that the state failed to prove the knowledge element required to show constructive possession of the drugs found in a duffle bag in the back of the van he was driving. (Pet., ECF No. 1 at 5; see also ECF No. 25-3 at 6-9.)

Claims of sufficiency of evidence are cognizable on collateral review. However, "a federal court's review of such claims is 'sharply limited.' " Wilson v. Greene, 155 F.3d 396, 405 (4th Cir.

---

[2] Even if these claims were not procedurally barred, for the reasons detailed in the respondent's return and memorandum of law in support of motion for summary judgment, Cooper would not be entitled to federal habeas relief. (See Respt.'s Mem. Supp. Summ. J., ECF No. 25 at 38-43.)



1998) (quoting Wright v. West, 505 U.S. 277, 296 (1992)).  "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review."  Wilson, 155 F.3d at 405-06 (citing Wright, 505 U.S. at 292).

When reviewing the sufficiency of the evidence to support a conviction, the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); see also McDaniel v. Brown, 558 U.S. 120, 133 (2010) (*per curiam*) ("Jackson requires a reviewing court to review the evidence 'in the light most favorable to the prosecution.' ") (quoting Jackson, 443 U.S. at 319).  Where there are conflicting inferences, the reviewing court must presume "that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." McDaniel, 558 U.S. at 133 (quoting Jackson, 443 U.S. at 326).  In evaluating a Jackson sufficiency of evidence claim in a federal habeas petition, the relevant inquiry is "whether a state court determination that the evidence was sufficient to support a conviction was an objectively unreasonable application of [the standard enunciated in] Jackson." Williams v. Ozmint, 494 F.3d 478, 489 (4th Cir. 2007) (internal quotations and citations omitted; alterations in original); see also Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012) (*per curiam*); McDaniel, 558 U.S. at 133-34 (evaluating a Jackson claim in accordance with the standard of review set forth in § 2254(d)(1)).

The trial transcript reveals that trial counsel moved for a directed verdict at the close of the State's case.  (ECF No. 25-1 at 151-52.)  The trial court denied this motion, thus finding sufficient evidence had been presented.  (ECF No. 25-1 at 152.)  The South Carolina Court of Appeals also



rejected this claim, citing to South Carolina caselaw, but otherwise not discussing the claim in its opinion. (See Order, ECF No. 25-5; (citing State v. Hernandez, 677 S.E.2d 603, 605 (S.C. 2009) ("Knowledge can be proven by the evidence of acts, declarations, or conduct of the accused from which the inference may be drawn that the accused knew of the existence of the prohibited substances."); State v. Williams, 552 S.E.2d 54, 57 (S.C. Ct. App. 2001) ("Where contraband materials are found on premises under the control of the accused, this fact in and of itself gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury.") (citation and quotation marks omitted); and State v. Wise, 252 S.E.2d 294, 296 (S.C. 1979) (finding evidence the defendant was the owner and operator of a pickup truck containing marijuana was sufficient to create a jury question as to whether he was guilty of possession)). However, as pointed out by the Harrington Court, review under § 2254 does not require a statement of reasons. Harrington, 562 U.S. at 98. Therefore, Cooper must show that there was no reasonable basis for the state court to deny relief, id., and the court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 101; see also 28 U.S.C. § 2254(d).

Under South Carolina law, trafficking in drugs is defined as being in actual or constructive possession of more than the statutory prohibited amount of the drug charged. See S.C. Code Ann. §§ 44-53-110 et seq., § 44-53-370 (trafficking heroin), § 44-53-375 (trafficking methamphetamine). "Where contraband materials are found on premises under the control of the accused, this fact in and of itself gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury." State v. Muhammed, 524 S.E.2d 637, 639 (S.C. Ct. App. 1999) (internal quotation



marks and citation omitted). "Possession requires more than mere presence." <u>State v. Jackson</u>, 717 S.E.2d 609, 611-12 (S.C. Ct. App. 2011) (internal quotation marks and citation omitted). "In drug cases, the element of knowledge is seldom established through direct evidence, but may be proven circumstantially." <u>Id.</u> at 612 (internal quotation marks and citation omitted). "Knowledge can be proven by the evidence of acts, declarations, or conduct of the accused from which the inference may be drawn that the accused knew of the existence of the prohibited substances." <u>Id.</u> (internal quotation marks and citation omitted); <u>see also</u>, <u>e.g.</u>, <u>State v. Ballenger</u>, 470 S.E.2d 851, 854 (S.C. 1996) (constructive possession of drugs occurs when the person charged with possession has dominion and control over either drugs or the premises upon which the drugs are found). Here, viewing the evidence in the light most favorable to the prosecution and resolving any conflicting inferences in favor of the prosecution, the court concludes that Cooper cannot demonstrate that there was insufficient evidence at trial from which any rational trier of fact could have found that Cooper was guilty of trafficking in heroin and trafficking in methamphetamine as defined under state law beyond a reasonable doubt. <u>See</u> <u>Jackson</u>, 443 U.S. at 319; <u>see also</u> <u>McDaniel</u>, 558 U.S. at 133-34.

The evidence supporting Cooper's conviction is set forth in detail in the trial transcripts and adequately summarized in the respondent's memorandum in support of the motion for summary judgment. (ECF No. 25 at 20-30.) A brief summary is that on June 23, 2005, in York County, South Carolina, deputy Lonnie Vinesett with the York County Sheriff's Office stopped the vehicle Cooper was driving for a traffic violation of crossing the center line. When deputy Vinesett walked up to the driver's side of Cooper's van, he testified that could see into the vehicle and in plain view he saw a marijuana blunt in the ashtray, a roach clip, and a copy of High Times magazine. The deputy testified that he asked Cooper to step out of the vehicle, and searched Cooper and found an



additional amount of marijuana on his person. Based on probable cause, deputies searched Cooper's vehicle and found 29.2 grams of heroin in blocks and 9.22 grams of methamphetamine in the back of the vehicle in a duffle bag. Cooper told the deputy that the female passenger knew nothing about the drugs. (ECF No. 25-1 at 70-81.)

Cooper's response in opposition to the motion for summary judgment asserts that the appellate court's decision here was unreasonable, and that the state's case "consisted of completely circumstantial evidence. "There was *absolutely* '*NO*' *direct* or any *evidence* presented proving petitioner had any knowledge that the substances found in the duffle bag were there, nor was any evidence presented that connected petitioner to those drugs in duffle bag." (Petr.'s Resp. Opp'n Summ. J., ECF No. 29 at 24) (emphasis in original). However, the relevant question for the court is whether, viewing the evidence presented in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. As Cooper has failed to show that there was no reasonable basis for the trial court's denial of the motion for a directed verdict and the state appellate court's dismissal of his appeal, he cannot demonstrate that those decisions were an "objectively unreasonable application of [the standard enunciated in] Jackson." Williams, 494 F.3d at 489; see also 28 U.S.C. § 2254(d)(1). Accordingly, summary judgment should be granted as to Ground One.

### 3.    Ground Two

In Ground Two, Cooper argues that trial counsel was ineffective for failing to object to a trial *in absentia*. (Pet., ECF No. 1 at 7.) The respondent contends that the PCR court's denial of this issue is fully supported by the record and entitled to deference. (Resp't's Mem. Supp. Summ. J., ECF No. 25 at 31.)



A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation, and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims"). To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both "'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court, which may provide reasons or theories that the appellate court could have relied upon in summarily denying Cooper's petition. Therefore, the court turns to the question whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts.

The PCR court rejected Cooper's trial *in absentia* claim, finding:

> The record reflects that prior to the commencement of Applicant's trial, trial counsel gave a brief history of his contact with the Applicant prior to trial. Some of which differs slightly from how trial counsel remembered the events, as far as mailings and phone calls, at Applicant's PCR hearing. Trial counsel informed the Court that Applicant did not have specific information that his case would be called for trial on the day that it was, in fact, called. Trial counsel let the Court know that letters had been sent to Applicant and that many times they would come back, but Applicant would always show up when he was supposed to be in attendance or ask to reschedule. The record reflects that trial counsel presented to the Court that his client, Applicant, was told that he had until the January 3, 2006 term of court to accept the State's offer or Applicant's case would be called during that term. Applicant did not accept the offer, and the case was placed on the docket for the January 3rd term of court. The Solicitor was unable to call the case to trial that week, and Applicant had a death in his family which he conveyed to trial counsel and kept in contact with him about upcoming dates.

> The record reflects that trial counsel's last conversation with Applicant was sometime in mid-January prior to the January 30th term, and trial counsel told the Court that Applicant understood that his case could be called as early as January 30, 2006. Trial counsel relayed to the Court at the time of the trial that he had not been able to or made any efforts to contact Applicant since the January 30th term, as Applicant had failed to show up to court during all terms leading up to the date Applicant's case was called to trial. Trial counsel further presented and reiterated to the court, as reflected in the record, that the telephone numbers left with the court officials and investigators at check-in were out-of-service or disconnected numbers, Applicant failed to provide alternate contact information when requested with trial counsel's receptionist, and letters sent to Applicant's address that he provided were being returned as undeliverable.



The record reflects that the Solicitor pointed out to the Court that, "Mr. Cooper did sign the bond paperwork which has the language after September 6, 2005, which was his bond returnable date, he shall appear or could be tried in his absence if he failed to appear before." Trial counsel told the Court that he had not contacted Applicant's bondsman to see if he had located Applicant. The Court suggested proceeding with voir dire and contacting the Applicant's bondsman to see if Applicant could be located overnight. . . . The record reflects that the following day, trial counsel let the Court know that he had spoken to the bondsman and that they were searching for Applicant. Being unable to locate Applicant, the case commenced with pre-trial motions in his absence.

. . . .

The Court finds that Applicant's trial counsel was effective in the defense of Applicant. While our Court of Appeals has found that the failure to move for a continuation of the case and failure to object to the trial moving forward without the presence of the defendant is grounds for ineffective assistance of counsel in relation to a PCR hearing, the Court finds that this case differs greatly from the facts of Morris v. South Carolina, 371 S.C. 278, 639 S.E.2d 53 (2006). Here, Applicant did not show for court at all in the weeks leading up to his case being called for trial, and, unlike Morris, there was no direction from Applicant to defense counsel to move for a continuance. Applicant, in his failure to maintain contact with trial counsel, gave no indication to counsel that, should a continuation be granted, he would make himself available to attend his trial. While speculation of how another circuit judge would rule if presented with an issue is outside the purview of this Court, the Court finds that there does not appear to be any meritorious grounds to support a motion for continuance, and, if requested, a motion for continuance would have likely been denied by the trial court. The Court finds that trial counsel was not deficient in his representation of Applicant at trial and that his representation of Applicant was reasonable under the circumstances and thus, effective.

The Court finds, however, that even if trial counsel was deficient in representation of Applicant, Applicant was not prejudiced by Trial counsel's ineffective assistance. The Sixth Amendment of the United States Constitution guarantees the right of an accused to be present at every stage of trial; however, a case may be tried in an accused's absence should [ ] he waive that right. See State v. Fairey, 374 S.C. 92, 99, 646 S.E.2d 445, 448 (Ct. App. 2007). Where a court finds that an accused has received notice of his right to be present at trial and where a court finds the accused was warned that trial would proceed in his absence, an accused's right to be present at trial may be waived. State v. Ravenell, 387 S.C. 449, 456, 692 S.E.2d 554, 558, [(Ct. App. 2010),] citing Rule 16, SCRCrimP. The trial transcript shows that Applicant was aware of his right to be present at his trial and that, at the very least, he was notified by the language in his bond paperwork of the possibility of his trial continuing in his absence.

PJG

Our Supreme Court has found that "[t]he deliberate absence of a defendant who know[s] that he stands accused in a criminal case and that his trial will begin during a specific period of time indicates nothing less than an intention to obstruct the orderly processes of justice." Ellis v. State, 267 S.C. 257, 261, 227 S.E.2d 304, 306 [(S.C. 1976)]. The Court finds that Applicant's failure to appear was deliberate, and his subsequent complaint regarding the trial moving on his absence is nothing more than an attempt to disrupt the judicial process. In the colloquy of trial counsel with the trial court, it is clear that trial counsel made every reasonable effort to contact Applicant in order to give him notice of his potential trial dates, and when Applicant was given a specific date on which his case could be tried, stopped communication with trial counsel and refused to supply useful contact information. As referenced above, Applicant testified in his PCR hearing that he could not attend trial, because his life was being threatened by those with connections in the area. It is also worth noting that from January 2006 until the time of his arrest in New York, some four years later, there is no evidence of any contact by Applicant with the Court or with trial counsel. The Court finds, based on this testimony, that Applicant has made it clear that, even if he had more specific notice of the trial, and even if trial counsel had objected to the trial going forward in Applicant's absence, Applicant would not have made an appearance at trial.

The Court finds that trial counsel's representation of Applicant was effective, and even if trial counsel was deficient in failing to move for a continuance or object to the trial going forward without Applicant's presence, Applicant was not prejudiced, as he waived his right to be present for trial by his conduct.

(ECF No. 25-1 at 226-28, ECF No. 25-2 at 3, internal transcript citations omitted.)

While an accused has a constitutional right to be present in the courtroom at every stage of his or her trial, a defendant may waive that right. See Diaz v. United States, 223 U.S. 442, 452 (1912); see also United States v. Hondo, 366 F.3d 363, 365-66 (4th Cir. 2004). South Carolina case law and court rules provide that a bail or bond form provides a defendant the requisite notice that he or she must show up for trial and not "jump" bail. See State v. Fairey, 646 S.E.2d 445, 449 (S.C. Ct. App. 2007) (citing City of Aiken v. Koontz, 629 S.E.2d 686, 689-90 (S.C. 2006)); S.C. R. Crim. P. 16 ("Except in cases wherein capital punishment is a permissible sentence, a person indicted for misdemeanors and/or felonies may voluntarily waive his right to be present and may be tried in his absence upon a finding by the court that such person has received notice of his right to be present



and that a warning was given that the trial would proceed in his absence upon a failure to attend the court.").

In the present case, the PCR court's factual findings are supported by the record. Thus, they are presumptively correct, and Cooper has not rebutted the presumption that they are correct by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); see Marshall v. Lonberger, 459 U.S. 422, 434 (1983) ("[F]ederal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."). After a careful review of the entire record, the court finds that Cooper has not shown that the PCR court's ruling on the trial *in absentia* was contrary to, or was an unreasonable application of, any "clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d). Cooper certainly has not demonstrated that the state court's ruling on this claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103. Consequently, the respondent's motion should be granted as to Ground Two.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 24) be granted and Cooper's Petition denied.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 22, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).