# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Duval Melvin Cooper, ) | |
| ) | |
| Petitioner, ) | C.A. No.: 0:15-cv-554-PMD-PJG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden Robert M. Stevenson, III, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Petitioner's objections to United States Magistrate Judge Paige J. Gossett's report and recommendation ("R & R") (ECF Nos. 47 & 32). The Magistrate Judge recommends granting Respondent's summary judgment motion (ECF No. 24) and denying Petitioner's petition for relief under 28 U.S.C. § 2254.

Petitioner's objections were due February 8, 2016. Having received no objections by February 11, the Court reviewed the R & R, adopted it, and granted judgment for Respondent (ECF Nos. 37 & 38). However, Petitioner later demonstrated that he did not receive a copy of the R & R until after his deadline had already expired. The Court granted him until April 29 to file objections. Petitioner filed objections on April 28. In order to consider those objections, the Court hereby vacates its February 11 order and judgment.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court must conduct a de novo review of any portion of the R & R to which a timely, specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or

in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting summary judgment on all four of Petitioner's asserted grounds for relief. Petitioner's objections relate to his first, third, and fourth grounds.

### I.     Sufficiency of the Evidence

At trial, Petitioner's counsel moved for directed verdict, arguing that the State had not established Petitioner possessed the drugs he was on trial for trafficking. The trial court denied the motion. In Ground 1 of his habeas petition, Petitioner argues the trial court erred.

The question before this Court is not "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Rather, it is whether the South Carolina Court of Appeals' decision—that there was sufficient evidence to support Petitioner's convictions—was an objectively unreasonable application of the *Jackson* standard. *Williams v. Ozmint*, 494 F.3d 478, 489 (4th Cir. 2007) (citation omitted). After reviewing the trial transcript and the Court of Appeals' opinion, the Magistrate Judge concluded Petitioner has not shown that the Court of Appeals applied *Jackson* unreasonably.

Petitioner purports to object to that conclusion. However, he merely quotes the R & R, disagrees with the Magistrate Judge's conclusion, and restates arguments from his petition and his memorandum in opposition to Respondent's summary judgment motion. The Court summarily rejects this improper objection. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) (stating an objection "that merely restates the arguments previously presented" or "does nothing more than state a disagreement with a magistrate's suggested resolution" is not sufficient to trigger de novo review (citation and quotation marks omitted)).

Nevertheless, this Court has carefully reviewed the Magistrate Judge's analysis of Ground 1. The Court concludes the analysis is correct[1] and adopts it.

## II. Trial in Petitioner's Absence

In Ground 2, Petitioner claims trial counsel was ineffective for not preventing the trial from proceeding in Petitioner's absence. The Magistrate Judge thoroughly analyzed Ground 2 and concluded it lacks merit. However, the Court declines to adopt that analysis. Petitioner withdrew Ground 2 in his memorandum in opposition to Respondent's summary judgment motion. As that claim is no longer before the Court, a decision on its merits is unnecessary. *See Sanders v. McFadden*, No. 6:15-cv-492-RMG, 2016 WL 430485, at *3 (D.S.C. Feb. 3, 2016) (declining to adopt magistrate judge's merits analysis of ineffective-assistance claim because petitioner had withdrawn claim in response to respondent's summary judgment motion).

## III. Suppression of Evidence

In Ground 3, Petitioner alleges trial counsel mishandled a motion to suppress evidence of the drugs. Conceding this claim is procedurally defaulted, Petitioner argues the Court should address the claim on its merits because PCR counsel caused the default. *See Martinez v. Ryan*,

---
1. Portions of the R & R seem to incorrectly suggest that *Jackson*, rather than *Williams*, governs district courts' analysis of evidence-sufficiency claims asserted in § 2254 cases. Ultimately, however, the Magistrate Judge correctly based her analysis on *Williams*.

3

132 S. Ct. 1309, 1315 (2012) ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.").

The Magistrate Judge rejected Petitioner's *Martinez* argument. Noting that PCR counsel raised this ineffective-assistance claim at the PCR hearing, the Magistrate Judge found that it was instead PCR appellate counsel who caused the procedural default by failing to raise the issue in the PCR appeal. Because ineffective assistance of PCR appellate counsel categorically cannot excuse procedural default, *see, e.g.*, *Crowe v. Cartledge*, No. 9:13-cv-2391-DCN, 2014 WL 2990493 at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."), the Magistrate Judge concluded Petitioner had not established a basis under *Martinez* for reviewing Ground 3's merits.

Petitioner asserts the Magistrate Judge misapprehended his *Martinez* argument regarding PCR counsel. This Court agrees. Petitioner's *Martinez* argument is that PCR counsel provided ineffective assistance by neglecting to provide the PCR court a transcript of the suppression hearing. According to Petitioner, the transcript supported his claim that trial counsel mishandled the suppression motion. Thus, Petitioner contends, PCR counsel's failure to provide the transcript weakened the record before the PCR court and prevented Petitioner from using it in the PCR appeal. The R & R does not address these assertions.

Nevertheless, the Court agrees with the Magistrate Judge's ultimate conclusion that Petitioner has failed to establish the cause and prejudice that would enable merits review under *Martinez*. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (giving habeas petitioners the burden of proving circumstances that excuse procedural default). The PCR court's order demonstrates that, despite PCR counsel's alleged oversight, the PCR court had the transcript.

4

The suppression motion, other pre-trial matters, and the trial are all part of a single transcript. In its order, the PCR court cited many specific parts of the transcript and described the portion in which trial counsel argued the suppression motion. Moreover, the transcript was made part of the record in the PCR appeal. Thus, Petitioner's alleged oversight was harmless. There being no prejudice, *Martinez* is unavailing to Petitioner. *See Martinez*, 132 S. Ct. at 1318 (indicating that, *inter alia*, PCR counsel's conduct must be prejudicial under *Strickland v. Washington*, 466 U.S. 668 (1984), to excuse procedural default).

Procedural default is a rule "designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez*, 132 S. Ct. at 1316. Those federalism concerns must yield to merits review only when the state prisoner has cause and prejudice excusing the procedural default or "a fundamental miscarriage of justice" would occur if the federal habeas court did not review the defaulted claim's merits. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has not proven either exception. *See id.* Accordingly, the Court denies Ground 3 due to unexcused procedural default. It does not reach the R & R's analysis on the merits of this ground or Petitioner's objections thereto. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (stating "a federal habeas court may not review" a procedurally defaulted claim); *see also Kendley v. Univ. of S.C.*, No. 3:09-cv-786-CMC-PJG, 2009 WL 5194997, at *1 (D.S.C. Dec. 22, 2009) (adopting report and recommendation without considering objections that were not relevant to magistrate's recommendation to dismiss for lack of jurisdiction).

### IV. Jury Selection in Petitioner's Absence

Finally, in Ground 4, Petitioner raises two related arguments regarding jury selection taking place without him. First, he contends the trial court erred by proceeding with jury

5

selection without determining on the record whether, *inter alia*, Petitioner's bondsman could locate Petitioner and bring him to court.  Second, he faults trial counsel for not objecting to the trial court beginning jury selection without making that determination.

The Magistrate Judge concluded that Ground 4 is procedurally defaulted and that Petitioner has not established cause and prejudice under *Martinez* to enable merits review. Petitioner concedes Ground 4 is procedurally defaulted but objects to the Magistrate Judge's conclusion about *Martinez.*  He contends PCR counsel erred by not arguing that "trial counsel was ineffective for failing to object to [the] trial court not postponing the impaneling proceedings until the bondsman was contacted."  (Objs., ECF No. 47, at 17.)  That, however, is not the claim of ineffective assistance that Petitioner asserts in his habeas petition.  Ground 4 is a claim that trial counsel should have implored the court to make factual findings on the record.  That is quite different than claiming trial counsel should have ask the court to stop proceedings so that he could call Petitioner's bondsman.  This Court is mindful of its duty to construe Petitioner's *pro se* filings liberally.  However, it cannot ignore the distinction between Petitioner's habeas petition and what Petitioner now faults PCR counsel for not arguing.  PCR counsel's failure to make one ineffective assistance claim does not excuse the procedural default of another.

To the extent Petitioner is arguing that PCR counsel should have raised the trial court's purported error, the Court disagrees.  As the PCR court noted in its order, in South Carolina, trial court errors typically may be raised only on direct appeal, not in PCR.  *See Drayton v. Evatt*, 430 S.E.2d 517, 520 (S.C. 1993) ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief." (citation omitted)); *Wolfe v. State*, 485 S.E.2d 367, 369 n.2 (S.C. 1997) (stating "trial court error does not constitute an appropriate basis" for granting PCR).  Drawing a jury without the defendant present is such an

issue. *See State v. Smart*, 299 S.E.2d 686, 689–90 (S.C. 1982) (addressing, on direct appeal, issue of jury selection in defendant's absence), *overruled in part on other grounds by State v. Torrence*, 406 S.E.2d 315 (S.C. 1991). PCR counsel cannot be faulted for declining to make an argument in the wrong forum.

Like Ground 3, Petitioner has not established a basis for excusing his procedural default. Accordingly, the Court denies Ground 4 due to procedural default and does not reach the Magistrate Judge's analysis of the merits or Petitioner's objections thereto.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Court's February 11, 2016 order and judgment are **VACATED**. It is further **ORDERED** that Petitioner's objections to the R & R are **OVERRULED** and that the R & R is **ADOPTED** to the extent consistent with this Order.[2] Finally, it is **ORDERED** that Respondent's motion for summary judgment is **GRANTED**, and that Petitioner's § 2254 application is **DISMISSED** with prejudice.[3]

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**June 15, 2016**
**Charleston, South Carolina**

---

2. In addition, the Court makes the following substitution: on the first line of the block quote on page 12 of the R & R, "Trial court" is replaced with "Trial counsel."

3. The Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).